UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dale Montgomery,<br><br>        Plaintiff,<br><br>v.<br><br>Pinnacle Credit Services, LLC; Worldwide Recovery; Stephens & Michaels Associates Inc.; Royal Credit Union; Equable Ascent Financial; Verifacts Inc.; Cavalry Portfolio Svcs; Dynamic Recovery Services; NCO Financial System, Inc.; Law Office of Joel Cardis, LLC; North Shore Agency, Inc.; Transworld Systems Inc.; Worldwide Recovery Specialists Inc.;<br><br>        Defendants. | Case No.: 13-cv-02839-JNE/FLN |

**DEFENDANT STEPHENS & MICHAELS ASSOCIATES, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RELIEF FROM JUDGMENT**

Defendant Stephens & Michaels Associates, Inc. ("SMA") submits this Memorandum of Law in support of its Motion for Relief from Judgment. This is an action seeking damages for alleged violations of Fair Credit Reporting Act, the Federal Debt Collection Practices Act, Telephone Consumer Protection Act and the Minnesota Fair Debt Collection Practices Act. A default judgment was entered against Defendant based on Plaintiff's Proof of Service stating that service was accomplished by mail.

Service by mail is insufficient service of process, and Defendant was never properly served. Therefore, Defendant's Motion for Relief from Judgment should be granted.

## STATEMENT OF RELEVANT FACTS

1. Defendant is a New Hampshire corporation in good standing.

2. On October 7, 2007, Plaintiff mailed a copy of his Complaint to Defendant via certified mail. (Pavoll Aff., ¶2).

3. The Complaint did not contain a request for waiver of service of summons. (Id. at ¶3).

4. Defendant did not waive service of summons. (Id. at ¶4).

5. Plaintiff filed a First Amended Complaint on October 29, 2013. A copy of the First Amended Complaint has not been delivered to Defendant.

6. Plaintiff filed an application for entry of default pursuant to Fed R. Civ. P. 55(a) on November 21, 2013. Plaintiff therein claimed that Defendant had been properly served with summons. (Vincelli Aff., ¶2, Ex. A).

7. Default judgment was entered by the clerk on November 21, 2013.

## LEGAL ARGUMENT

**I.  Defendant has not been properly served and is entitled to an order vacating the default judgment.**

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for mistake, where the judgment is void, or for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (4), (6). The court may also correct a clerical mistake or a mistake arising from oversight or omission whenever

one is found in a judgment, order, or other part of the record.  Fed. R. Civ. P. 60(a).  The default judgment against Defendant is void because the court lacked personal jurisdiction over the Defendant due to insufficient service of process.

Due process requires that a court obtain jurisdiction over a defendant before it may adjudicate that defendant's rights.  Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 103–4 (1987).  "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." Printed Media Servs., Inc., v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993) (citing Dodco, Inc. v. Am. Bonding Co., 7 F.3d 1387, 1388 (8th Cir. 1993)).  Because Defendant was not properly served in this case, the Court did not have personal jurisdiction over Defendant at the time that judgment was entered by the clerk and the judgment should be vacated.

Service of process may be effectuated by personal service.  Fed. R. Civ. P. 4(e), (h).  A plaintiff may also request that a defendant waive service in accordance with Rule 4(d) of the Federal Rules of Civil Procedure.  The only way mail service can be sufficient under the Federal Rule is by return of the enclosed acknowledgment form within twenty days of the mailing.  Hajjiri v. First Minnesota Sav. Bank F.S.B., 25 F.3d 677, 678 (8th Cir. 1994) (citing Gulley v. Mayo Found., 886 F.2d 161, 165 (8th Cir.1989)). Although delivery by certified mail may indicate actual knowledge of the lawsuit, actual notice does not dispense with the requirements for proper service.  See Young v. Mt. Hawley Ins. Co., 864 F.2d 81, 82–83 (8th Cir.1988) (per curiam) (holding that the provisions of former Rule 4(c)(2)(C)(ii) are to be strictly complied with and that if the

acknowledgment form is not returned, the formal requirements of mail service have not been met and personal service must be obtained.).

Service of process may also be effectuated by service in accordance with the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). The only way mail service can be sufficient under Minnesota law is by return of the enclosed acknowledgment form within twenty days of the mailing. Hajjiri, 25 F.3d at 678 (citing Coons v. St. Paul Cos., 486 N.W.2d 771, 774–75 (Minn. Ct. App. 1992)). New Hampshire law requires personal service of process on domestic corporations. See N.H. Rev. Stat. §§ 510:02, 14 (2013).

Plaintiff has never attempted to effect service of process by personal service on Defendant. Plaintiff delivered the Summons and Complaint to Defendant by certified mail. The mailing did not contain the notice or waiver form as required by Fed. R. Civ. P. 4(d), and Defendant did not receive nor return a waiver of service form. Plaintiff plainly has not met the conditions for effective service in this case, because he did not mail a request for waiver of service and has not filed with the Court any waiver of service obtained from Defendant. Service of process on Defendant by certified mail was insufficient as a matter of law. This Court did not have personal jurisdiction over Defendant at the time that the default judgment was entered by the clerk. Therefore, the default judgment is void and must be vacated.

## CONCLUSION

For the reasons stated herein, Defendant respectfully requests that the Court grant Defendant's Motion for Relief from Judgment and issue an order vacating the default judgment against Defendant.

**S**EILER**S**CHINDEL**, PLLC**

Dated: November 25, 2013     /s Kyle D. Moen
Scott Seiler, #240874
Kyle D. Moen, #390945
Tina Vincelli, #392501
Attorneys for Defendant SMA
7900 Highway 7, Suite 350
Minneapolis, Minnesota 55426
Telephone:   952-358-7400
Facsimile:    952-358-7404
e-mail:         kmoen@seilerschindel.com