UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dale Montgomery,                                               Civil No. 13-2839 (JNE/FLN)

    Plaintiff,
                                                               **REPORT AND
                                                               RECOMMENDATION**

v.

Pinnacle Credit Services et al.,

    Defendants.

_____

Dale Montgomery, *pro se*.
No appearance for Defendant Dynamic Recovery Services.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's motion for entry of default judgment as to Defendant Dynamic Recovery Services ("Dynamic") (ECF No. 32). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Plaintiff's motion be **DENIED** and that Plaintiff be allowed twenty (20) days to properly serve Dynamic.

## I. BACKGROUND

Plaintiff brought this action seeking damages for alleged violations of the Fair Credit Reporting Act (Counts I and II), the Telephone Consumer Protection Act (Counts III and IV), the Fair Debt Collection Practices Act (Count VI), and the Minnesota Fair Debt Collection Practices Act (Count VII). Am. Compl. ¶¶ 52-92. Plaintiff named twelve entities in this action as defendants: Pinnacle Credit Services; Stephens & Michaels Associates Inc.; Royal Credit Union; Equable

Ascent Financial; Verifacts Inc.; Cavalry Portfolio Services; NCO Financial System, Inc.; Law Office of Joel Cardis, LLC; North Shore Agency, Inc.; Transworld Systems Inc.; Worldwide Recovery Specialists; and Dynamic. *See* ECF No. 4. On November 13, 2013, Plaintiff filed "Proof of Service" documents for the above named Defendants, stating that service was accomplished by mail. Summons Return, ECF No. 19. Plaintiff then made applications for entry of default pertaining to Defendants Pinnacle Credit Services, Stephens & Michaels Associates Inc., Equable Ascent Financial, Worldwide Recovery Specialists, and Dynamic for failure to plead or otherwise defend the action on November 20, 2013. ECF Nos. 25-29. The Clerk of Court subsequently entered default on November 21, 2013 (for Defendants Pinnancle Credit Services, Stephens & Michaels Associates, Equable Ascent Financial, and Dynamic) and December 5, 2013 (for Defendant Worldwide Recovery Specialists). Clerk's Entry of Default, ECF Nos. 31, 57. On November 22, 2013, Plaintiff moved the Court for entry of default judgment. ECF Nos. 32, 33, 34, and 41.

Defendants Pinnancle Credit Services, Stephens & Michaels Associates Inc., Equable Ascent Financial and Worldwide Recovery Specialists each filed motions to vacate entries of "default judgment" pursuant to Federal Rule of Civil Procedure 60(b).[1] *See* ECF Nos. 36, 49, 60, and 91; Fed.

---

[1] Defendants motions state that "default judgment" was entered by the clerk of court and subsequently the motions requested relief from "default judgment" and were captioned as such. ECF Nos. 36, 49, 60, and 91. Default judgment, however, was never entered pertaining to the Defendants. The Clerk of Court entered *default* on November 21, 2013 and December 5, 2013. These entries of default were in accordance with Federal Rule of Civil Procedure 55(a) which states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed R. Civ. P. 55(a). "A judgment of default may, thereafter, be entered on application to the Court." *Semler v. Klang*, 603 F. Supp. 2d 1211, 1218 (D. Minn. 2009); *see also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).").

R. Civ. P. 60(b) ("[o]n Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . ."). These Defendants argued that they were improperly served as Plaintiff mailed the complaint and summons to them without enclosing a waiver of service acknowledgment form. *See* ECF Nos. 37, 52, 62, and 92. Accordingly, Defendants maintained that because a waiver of summons was never completed and returned, service was not properly effectuated. *Id*. Plaintiff notified the Court that he did not oppose the motions as he recognized that service was improper. Order, ECF No. 109 at 1.  Upon agreement of the parties, the Court directed the Clerk of Court to terminate Plaintiff's motions for entry of default judgment and Defendants' motions to vacate. *Id*.

Dynamic has not entered an appearance and therefore Plaintiff's motion for default judgment against Dynamic remains. ECF No. 32. Dynamic is now the sole defendant in this action, as the parties stipulated to the dismissal of this action with prejudice as it pertains to all other Defendants. ECF Nos. 58, 59, 84, 117, 118, 119, 127, 128, 129 and 134.

---

Therefore, it was procedurally proper for Plaintiff to first seek entry of default by the Clerk of Court (ECF Nos. 25, 26, 27, 28 and 29) and then move the Court for entry of default judgment after default had been entered (ECF Nos. 32, 33, 34, and 41). *See United States ex rel. Sammarco v. Ludeman*, Civ. No. 09-0880, 2010 WL 1335460, at *15 (D. Minn. Jan. 28, 2010) (finding that a motion for default judgment was improper where the movant had not first sought entry of default by the clerk of court).

Defendants motions to vacate were terminated pursuant to the parties' request. *See* ECF No.109. The Court now notes, however, that the motions were incorrectly brought under Rule 60(b) to vacate default judgments when, in fact, default judgments had yet to be entered by the Court. Instead, a properly captioned motion by Defendants would have sought an order from the Court setting aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c). Fed. R. Civ. P. 55(c) ("The Court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).").

## II. ANALYSIS

The Court now addresses *sua sponte* the issue of whether Dynamic was properly served and, relatedly, this Court's jurisdiction over the Dynamic.

The record reflects that Plaintiff improperly served Dynamic. *See* ECF No. 19. Service may be made by mail, but such service is only effective when the recipient signs an enclosed waiver and the waiver is subsequently returned within twenty days of the mailing. *Hajjiri v. First Minnesota Sav. Bank F.S.B.*, 25 F.3d 677, 678 (8th Cir. 1994) ("The only way mail service can be acknowledged under the federal rule or Minnesota law is by return of the enclosed acknowledgment form within twenty days of the mailing.") (citations omitted).

Federal courts lack jurisdiction over defendants if service of process was not properly realized. *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citations omitted). Further, "insufficient service is a proper basis for voiding an entry of default *sua sponte* because it deprives a court of proper jurisdiction." *Cambria Co., LLC v. Pental Granite & Marble, Inc.*, CIV. 12-228, 2013 WL 1249216, at *9 (D. Minn. Mar. 27, 2013) (citing *Printed Media Services*, 11 F.3d at 843). Thus, unless a defendant voluntarily appears or waives the defective service, a federal court is void of jurisdiction to issue judgment against a defendant named in the complaint—even if the defendant may have actual notice of the lawsuit. *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982) (citations omitted).

Here, Plaintiff attempted service by mailing the complaint and summons to Dynamic. *See* ECF No. 19. For each named Defendant, Plaintiff filed with the Court a proof of service form, a copy of the summons issued, and a letter from the United States Postal Service confirming delivery. *Id*. The record is void of any indication that Dynamic completed a waiver of service

acknowledgment form. Therefore, Plaintiff failed to properly execute service and this Court lacks personal jurisdiction to enter default against Dynamic.

Federal Rule of Civil Procedure 4(m) further provides this Court with the authority to dismiss the complaint as it pertains to Dynamic for lack of proper service. Rule 4(m) mandates a time limit for completion of service, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Eighth Circuit has stated that this rule provides "explicit textual recognition" of the Court's "power to dismiss a case for failure to comply with its rules," *Norsyn, Inc. v. Desai*, 351 F.3d 825, 830 (8th Cir. 2003) (citing *Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998)). The record shows that Dynamic was improperly served and over 120 days have passed since Plaintiff filed the complaint. Accordingly, pursuant to Rule 4(m), the Court will allow Plaintiff the opportunity to properly serve Dynamic within twenty days of the date of this Report and Recommendation. If Dynamic is not properly served within this specified time period, the Court will recommend that all claims against Dynamic be dismissed without prejudice. *See Bullock v. United States*, 160 F.3d 441, 442 (8th Cir. 1998) (affirming sua sponte dismissal when *pro se* plaintiffs failed to properly serve defendants).

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that:

1. Plaintiff's motion for entry of default judgment as to Defendant Dynamic Recovery Services (ECF No. 32) should be **DENIED**;

2. The Clerk of Court's entry of default as to Defendant Dynamic Recovery Services

    (ECF No. 31) should be **SET ASIDE**; and

3. Plaintiff be allowed twenty (20) days from the date of this Report and Recommendation to complete proper service on Dynamic.

DATED: June 16, 2014                                                    *s/Franklin L. Noel*
                                                                                     FRANKLIN L. NOEL
                                                                                     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 9, 2014**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 9, 2014** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.